UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES L. PHILLIPS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 1:19-CV-280 |
| REDKEY TOWN BOARD, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER DISMISSING CASE
## AND IMPOSING SANCTIONS AGAINST PLAINTIFF

This matter is before the Court on a motion to dismiss filed by Defendant Redkey Town Board on August 14, 2019 (ECF 11). Plaintiff James Phillips responded to the motion by filing two documents with the Court–the first on August 15, 2019 (ECF 16) and the second on August 22, 2019 (ECF 17). The Court deems those documents to be Phillips' response in opposition to the motion to dismiss. Defendant chose not to file a reply brief and so the matter is ripe for resolution. For the reasons explained below, **the motion to dismiss filed by Defendant Redkey Town Board is GRANTED and this case is DISMISSED with prejudice.**

**Plaintiff James L. Phillips is HEREBY SANCTIONED** for repeatedly filing frivolous and vexatious lawsuits in this Court. The Court imposes sanctions against James L. Phillips as set forth below.

**The Clerk of the Court is instructed to distribute a copy of this Opinion and Order to all the Judges and Magistrate Judges in this District.**

### STANDARD OF REVIEW

Phillips is proceeding *pro se*. A trial court must liberally construe a *pro se* plaintiff's

pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 816 (N.D. Ill. 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding *pro se*, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

The Redkey Town Board bases its motion to dismiss on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court concludes that this case must be dismissed for lack of subject-matter jurisdiction and so reviews the motion under Rule 12(b)(1). A Rule 12(b)(1) motion challenges jurisdiction in federal court, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). When ruling on a 12(b)(1) motion, a court may look beyond the complaint's allegations and consider any evidence that has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The Plaintiff has the burden to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999). In this case, the Court has examined Phillips's Complaint and attached document. Phillips fails to even allege, let alone establish, a basis for subject matter jurisdiction in this Court and the case must be dismissed.

Also, to the extent Phillips' cause of action challenges a 14-year-old state court case, as also discussed below, this Court would not have jurisdiction over the matter as a result of the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, this Court has no subject matter jurisdiction to review the judgment of a state court. This doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and "precludes lower federal court

jurisdiction over claims seeking review of state court judgments." *Clark v. Hale*, 2013 WL 4787916, at *1 (N.D. Ind. Sept. 9, 2013) (quoting *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)). As another district court explained, "cases brought by state-court losers complaining of injuries caused by state-court judgments" are not reviewable in federal court. *Harrison v. Moultrie Cty., Illinois*, 2019 WL 2171886, at *1 (7th Cir. May 20, 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "In civil litigation only the Supreme Court of the United States may review the final decision of a state court. 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine requires district courts to dismiss, for lack of jurisdiction, any request for federal review of a state court's decision[.]" *Cobbs v. Chiapete*, 2019 WL 2157417, at *1 (7th Cir. May 17, 2019). "For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court." *Carter v. Reich*, 2019 WL 2103425, at *2 (W.D. Wis. May 14, 2019).

## DISCUSSION

**1. Defendant's Motion to Dismiss.**

In his Complaint, James Phillips states his cause of action as follows: "I went to County Court House to put railroad land on my property. The Redkey Town Board stole my land on other side of road." Complaint, (ECF 1), p. 2 (verbatim). That is the entirety of Phillips' recitation of his cause of action. In his prayer for relief, Phillips makes the following request: "Pay me and give me back my land." *Id.*, p. 3. As the Defendant points out, "[i]nterestingly, Plaintiff indicated in . . . his Complaint that he has never sued anyone for these exact same

3

claims." Defendant's Memorandum in Support of Motion to Dismiss (ECF 12), p. 2. This is an important point. Not only does Phillips' Complaint fail to invoke this Court's subject-matter jurisdiction, but he has tried to sue the Town of Redkey or its Board or Town Council–and even its Fire Chief–several times before, alleging the same claim: that the Town of Redkey stole part of his land.

In the case of *Phillips v. Town of Redkey*, Case No. 1:17-CV-224, another case that this Court dismissed with prejudice, Phillips stated his cause of action, in its entirety, as follows: "The Redkey Town Board took my land across Railroad St. They are tearing up my apple trees and stealing my land on other side of street." *Phillips*, No. 1:17-CV-224, Complaint, p. 2. And these two cases are not the only ones Phillips has filed in this Court asserting exactly the same claim. Defendant Redkey Town Board points out as follows:

> Plaintiff alleges in his Complaint that the defendant "stole my land." . . . Plaintiff has filed at least four lawsuits against the defendant or defendant's employees or agents in the last three years. *See Phillips v. Miller*, 1:17-CV-19 (N.D. Ind. [filed] May 17, 2017); *Phillips v. Midstates Concrete*, 1:16-CV-296 (N.D. Ind. [filed] Oct. 7, 2016); *Phillips v. Redkey Town Board*, 1:17-CV-[224] (N.D. Ind. [filed] May 22, 2017); *Phillips v. Young, et al.*, 1:16-CV-176 (N.D. Ind. [filed] May 23, 2016). Each of those cases resulted in dismissals pursuant to Rule 12(b)(1) or 12(b)(6).

Defendant's Brief in Support (ECF 12), pp. 1-2.[1] In fact, Phillips has attempted to sue the Town of Redkey for this same claim as far back as 2010. In the case of *Phillips v. Redkey Town Board*, No. 1:10-CV-160, Phillips tried to sue the Town for the same claim asserted in this case and the

---

[1] This is the extent of the Defendant's argument in support of dismissal, i.e., that Phillips has been down this road before and his claim in this case suffers the same defects and must be dismissed for the same reasons as those previous cases. The remainder of Defendant's brief recites the standards of review for motions brought under Rule 12(b)(1) and (6). But while the Defendant's argument may be brief and unadorned, it is a winning one.

others cited above. *See* 1:10-CV-160, Complaint (ECF 1), p. 2. Not only that, but the documents attached to Phillips' Complaint in that 2010 case reveal that his dispute with the Town of Redkey over property he claims was wrongfully taken from him was litigated 10 years ago in the Jay County Superior Court in *Phillips v. Redkey Town Board, et al.*, Cause No. 38D01-0906-CC-135. *Id.*, pp. 9-17. (Phillips voluntarily dismissed his 2010 federal lawsuit against Redkey five days after the Town filed a motion to dismiss the case. 1:10-CV-160, Motion to Voluntarily Dismiss (ECF 11).)

Phillips also attached documents to his Complaint in the present case, which reference another (and even older) state court case. Complaint, pp. 4-8. That additional state court case is *Lewellen, et al. v. Consolidated Rail Corporation, Inc.*, filed in the Montgomery County Circuit Court as case number 54C01-9406-CP-0187. The documents Phillips provided include a copy of a court order entered in by the state court in January of 2005. *Id.* The documents do not mention Phillips and he does not explain in his Complaint what relevance they have to the present case. It doesn't matter, though, because if the basis for his alleged cause of action in this case is claim that a state court entered an order or judgment that somehow harmed him or that was incorrect, then this Court's subject-matter jurisdiction is not invoked, although the *Rooker-Feldman* doctrine is. As the Court explained above, "[t]he *Rooker-Feldman* doctrine requires district courts to dismiss, for lack of jurisdiction, any request for federal review of a state court's decision[.]" *Cobbs v. Chiapete*, 2019 WL 2157417, at *1.

Getting back to the Town's motion to dismiss, it is well taken and will be granted for the same reasons explained to Phillips in detail in this Court's orders of August 15, 2017, and October 2, 2017, in *Phillips v. Redkey Town Board*, 1:17-CV-224. This Court took pains to

5

explain to Phillips in those two orders why his claim was not legally viable and did not invoke this court's jurisdiction. The Court also cautioned Phillips that if he persisted in filing frivolous cases and motions he would be subject to sanctions. Undeterred, Phillips filed this lawsuit, attempting to reassert the same claims against the Defendant that he has tried to assert and failed at many times over many years in both state and federal court. The Court need not repeat its discussion or reasoning from its previous orders–history informs that it would be futile to do so anyway. Regrettably, the Court determines that the only way to get Phillips to stop filing frivolous, vexatious lawsuits is to impose sanctions to prevent him from doing so.[2]

**2. Sanctions Imposed Against Plaintiff James L. Phillips.**

As outlined above, James Phillips has filed numerous lawsuits in this Court over the course of many years. In all of them, he has proceeded *pro se*. Many of those lawsuits are duplicative of suits Phillips filed previously, naming the same defendant or defendants and asserting the same claims. In almost every instance, the Court dismissed Phillips' lawsuits because they were legally frivolous, failed to state a claim upon which relief could be granted, or

---

[2] As the Court noted at the outset, Phillips responded to the Town's motion to dismiss by filing two documents. The first, filed on August 15, 2019, is a handwritten letter to the Court in which Phillips states that he "want[s] discovery to continue. . . . I think discovery comes before dismissal[.] . . . This is why I don't want case dismissed I want discovery to go forward." Plaintiff's Response (ECF 16). The second "response" is a copy of the Defendant's Motion to Dismiss, on which Phillips hand wrote comments, including one that reads: "Discovery hasn't happen[ed] yet come to court." Plaintiff's Response (ECF 17), p. 3. That response also includes a copy of a lawsuit Phillips filed against the Redkey Town Board on April 7, 2009, in the Jay County Superior Court, Small Claims Division, case number 38D01-0904-SC-82, in which he alleged that the Town "owes me $4,200 back rent[.] I want they [sic] off my property as soon as possible." *Id*., p. 6. Phillips does not explain the relevance of this 10-year-old state court document to the present case. The document does, however, demonstrate that Phillips has sued the Town of Redkey in both state and federal court over the course of more than a decade, claiming in each instance that the Town somehow damaged or stole land that Phillips believes he owns.

failed to allege any cause of action over which this Court had subject matter jurisdiction. In several instances–this case being one of them–Phillips filed suit against the Town of Redkey, Indiana, where he resides, or the Redkey Town Board (as here), or some agent or representative of the Town of Redkey. In each of those cases, Phillips alleged that the Town of Redkey was liable to him because the Town "stole my land." Several judges of this Court have entered orders attempting to explain to Phillips why his cases are legally frivolous or why they fail to invoke this Court's subject-matter jurisdiction. Despite these attempts, Phillips continues to file case after case in this Court. In its order entered on October 2, 2017, in the case of *Phillips v. Town of Redkey*, Case No. 1:17-CV-224, this Court ruled as follows: "For the reasons discussed below, this case is **DISMISSED WITH PREJUDICE. Plaintiff James Phillips is CAUTIONED** that if he continues to file baseless or frivolous lawsuits in this Court he may be subject to sanctions." *Id*., p. 1 (emphasis in original). The Court further explained to Phillips as follows:

> In [a previous] order dismissing Phillips's case, [Chief Judge Springmann] noted that "the Plaintiff has previously filed cases within the Northern District and is currently pursuing two cases. The Plaintiff's most recent cases include *Phillips v. Miller*, 1:17-CV-19 (N.D. Ind. May 17, 2017) (dismissed for lack of jurisdiction); *Phillips v. Clay*, 1:16-CV-349 (N.D. Ind. Nov. 9, 2016) (dismissed by stipulation); *Phillips v. Midstates Concrete*, 1:16-CV-296 (N.D. Ind. Oct. 7, 2016) (dismissed for lack of jurisdiction); *Phillips et. al. v. Jay Randolph Dev. Servs. Inc.*, 1:10-CV-449 (N.D. Ind. Feb. 17, 2017) (dismissed at Plaintiff's request); *Phillips v. Redkey Town Bd.*, 1:17-CV-224 (filed May 22, 2017) . . . ; *Phillips v. Young et. al.*, 1:16-CV-176 (filed May 23, 2016). . . . The Plaintiff also filed eight cases in the 1990s." *Phillips v. Fullenkamp*, No. 1:17-CV-41, Opinion and Order, p. 1, n. 1. It is troubling that Phillips has become a frequent filer of lawsuits, against a host of different defendants and for a host of purported reasons, that lack any basis for subject matter jurisdiction in this Court and which contain incomprehensible allegations and indiscernible "claims." This Court's dockets do not indicate that Phillips has ever been reprimanded or sanctioned for filing frivolous or groundless lawsuits, but he risks that fate if he continues his pattern. In this case, the Court concludes that Phillips's Amended Complaint fails to invoke this Court's subject matter jurisdiction and must therefore be dismissed with prejudice–the same fate

> he has suffered in several other cases before several other judges of this Court. The Court will refrain at this juncture from sanctioning Phillips, but clearly he needs to be warned that if he continues to file baseless lawsuits in this Court he may be subjected to sanctions, including restrictions on his ability to file lawsuits in this Court and monetary penalties. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). The Court is hopeful that Phillips will heed this warning and the imposition of sanctions will not be necessary.

*Id.*, pp. 3-4, n. 2 (citing and discussing Judge Springmann's Opinion and Order in

*Phillips v. Fullenkamp*, 1:17-CV-41 (ECF 19, Opinion and Order dismissing case, p. 1, n. 1)).

And in yet another case, Judge DeGuilio wrote as follows:

> Even after the Court struck several of Phillips's early filings for failing to seek specific relief . . . , he has flooded the docket with various other papers. The Court has reviewed all of them, but apart from the docket entries mentioned above, these papers are filled with unintelligible ramblings that do not appear to seek any kind of relief.

*Phillips v. Young, et al.* 1:17-CV-176. These are just a few examples of the many frivolous lawsuits Phillips has filed in this Court over the course of more than 20 years. Phillips has been undeterred by the Court's repeated admonishments and has continued to burden the Court with frivolous, baseless and vexatious lawsuits.

In addition to his many frivolous lawsuits, Phillips has also repeatedly filed frivolous motions and irrelevant documents. Magistrate Judge Susan Collins has entered orders strongly admonishing Phillips for filing frivolous pleadings and cluttering the record by submitting irrelevant documents. "Plaintiff's filing does not seek relief from this Court, does not relate to a pending motion before the Court, and does not appear to be a discovery request or a response to a discovery request. Consequently, the Court DIRECTS the Clerk to Strike the Plaintiff's filing . . . as frivolous and CAUTIONS Plaintiff to not file frivolous documents in the future." Court Order,

*Phillips v. Lorrison*, 1:19-CV-204 (ECF 15).[3] Phillips has not heeded the Magistrate's stern warnings either, and continues to file all sorts of documents, letters, and purported discovery requests in this and other cases. Even in this case, and after he received the above-referenced admonishments from the Court, Phillips submitted frivolous filings. So, Magistrate Judge Collins warned him again in an order entered on September 12, 2019 (ECF 19) ("[T]he Court DIRECTS the Clerk to STRIKE Plaintiff's filing . . . as frivolous and reiterates its ADMONISHMENT to Plaintiff to STOP making frivolous filings. *See Walton v. U.S. Steel Corp.*, 2010 WL 3526263, at *2 (N.D. Ind. Sept. 3, 2010) ("[E]ven as a *pro se* litigant, the Plaintiff is required to follow the Federal Rules of Civil Procedure and the District Court's Local Rules, and he is not excused from complying with his responsibilities as a plaintiff.").

Enough is enough. District courts have the authority to impose sanctions on litigants who file frivolous cases and motions, which burden the Court and the defendants named in those suits. Sanctions are a last resort and as a general rule this Court is reluctant to impose them. But there are instances, and this is certainly one of them, when sanctions are necessary. As this Court explained in another case:

> Something must be done, because the Plaintiff's conduct is wasting limited judicial resources. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fee–indeed, are not entitled to sue and appeal, period. *Abuses of process are not merely not to be subsidized; they are to be sanctioned.*" *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2nd Cir. 1984)). A district judge has the power to enjoin frequent litigators from the continued filing of frivolous suits and

---

[3] This Court's order dismissing *Phillips v. Lorrison*, 1:19-CV-204, is being entered on the same date as this order.

motions. *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Therefore, the Plaintiff will be fined $500.00 in each case, and restricted until he has paid the fines.

*Holland v. Lake Cty. Mun. Gov't*, 2016 WL 10599511, at *1 (N.D. Ind. Dec. 5, 2016) (italics added). A sister court, dealing with a recalcitrant litigant, held as follows:

> [T]he court concludes that Smith's conduct in filing numerous unfocused complaints with overlapping, duplicative claims qualifies as vexatious. In that respect, the court has already admonished Smith to "proceed with care" when considering whether to pursue his many lawsuits. See Order dated January 30, 2013, Case No. 12-cv-633 (dkt. # 13). Having failed to heed that admonition, Smith is warned that he risks additional sanctions, including monetary penalties, if he continues to abuse scarce judicial resources with vague, repetitive filings of dubious merit. *See United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (answering the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

*Smith v. Gleason*, 2013 WL 6238488, at *8 (W.D. Wis. Nov. 27, 2013). And yet another court imposed sanctions on a litigant and explained its actions as follows:

> Enough is enough. Plaintiff's pattern of conduct demonstrates that he has no compunction for filing meritless and disrespectful pleadings. His cavalier response to the Show Cause Order convinces the Court that sanctions are necessary in order to prevent further frivolous and harassing filings in this Court. The Court is also persuaded that monetary sanctions alone are unlikely to deter future misconduct. Accordingly, Plaintiff will be sanctioned with a fine and a filing ban as set forth in the Disposition below.

*Tidwell v. Clendenin*, 2017 WL 3437469, at *3 (S.D. Ill. Aug. 10, 2017), dismissed, 2017 WL 9291894 (7th Cir. Nov. 14, 2017), and appeal dismissed, 2018 WL 1586475 (7th Cir. Jan. 10, 2018). "[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. In particular, a frivolous argument of claims is one that is 'baseless and made without a reasonable and competent inquiry.'" *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (quoting

10

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)). *Sklyarsky v. Harvard Maint., Inc.*, 2014 WL 3509485, at *9 (N.D. Ill. July 15, 2014), *aff'd sub nom. Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892 (7th Cir. 2015). And yet another court explained as follows:

> Federal courts have the inherent power–and obligation–to protect their jurisdiction from conduct that impairs the functions of Article III courts. *Murray v. Bush*, No. 06-C-0781, slip op. at 3 (E.D. Wis. filed Aug. 1, 2008) (Randa, C.J.) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) ); *see In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989). To stop a litigant's abuse of the court system, the court may impose monetary sanctions against a frequent filer of frivolous litigation. *See Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004); *Murray*, No. 06-C-0781, slip op. at 4. Alternatively, the court may bar the litigant from filing future cases or documents. *Mack*, 45 F.3d at 186; *Murray*, No. 06-C-0781, slip op. at 4-5.

*Hoeft v. Dommisse*, 2009 WL 10709632, at *3 (E.D. Wis. Apr. 14, 2009), aff'd, 352 F. App'x 77 (7th Cir. 2009).

Phillips has filed 17 cases in this Court over the last 20 years, eight of those in the last three years. His cases all have been dismissed and several judges of this Court have warned Phillips about his repeated frivolous filings and that he would be subject to sanctions if he continued to burden the Court with such filings. The repeated admonishments have had no effect and so sanctions are necessary and warranted.

The Court hereby adopts and implements "the narrowly tailored injunction aimed at stopping [a plaintiff] from filing frivolous and harassing litigation that was entered in the Southern District of Indiana and affirmed by the Seventh Circuit." *Srivastava v. Daniels*, 2010 WL 2539451, at *7-8 (N.D. Ind. June 14, 2010), *aff'd*, 409 F. App'x 953 (7th Cir. 2011); *see also In re Davis*, 878 F.2d 211 (7th Cir. 1989). This injunction will ensure that Phillips has

legitimate access to the courts while preventing him from pursuing frivolous claims. Accordingly, the Court rules as follows:

The Clerk of the Court is ORDERED that for any new or removed complaint filed by James L. Phillips in any division of this Court, the Clerk shall do the following:

1) Whenever James L. Phillips proffers a document for filing, the Clerk shall accept the papers, stamp them "received" (rather than "filed"), and forward them to the undersigned judge for review.

2) The Court will examine any documents tendered by Phillips and determine whether they should be filed. The Court will deny leave to file the documents if they are merely duplicative of matters already litigated or currently pending or are legally frivolous.

3) If the Court enters an order denying leave to file the materials, the Clerk shall retain the order and a copy of the materials in a miscellaneous file captioned "In Re: James L. Phillips" and mail a copy of the order to Phillips.

4) If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be stamped "filed" as of the date of the order and shall assign the case in the manner provided by local rules. The Clerk shall also mail a copy of the order to Phillips.

5) This screening requirement shall not apply to filings in cases already pending in this Court as of this date, nor to filings appealing this order, nor to petitions for a writ of habeas corpus.

6) This Order may be modified as equity requires.

7) This Order shall expire on October 22, 2022, without further order of this Court, but if the Order does not accomplish its intended purpose, the Court may consider modifying or

extending the Order.

8) The Court imposes a monetary sanction against James L. Phillips in the amount of $500.00, to be paid in full to the Clerk of the Court on or before December 22, 2019. This monetary sanction is imposed as a result of Phillips' repeated frivolous filings and to act as a further deterrent to future baseless or vexatious filings by this litigant.

As stated, district courts have the discretion and authority to sanction litigants who repeatedly file frivolous or vexatious lawsuits. The Seventh Circuit Court of Appeals has affirmed sanction orders entered by district courts so long as they are tailored to prevent future abusive filings without completely denying the offending litigant access to the courts when warranted :

> [T]he right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d at 905; *see also United States ex rel. Verdone v. Cir. Ct. for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995). Courts have ample authority to curb abusive filing practices by imposing a range of restrictions. *See In re Anderson*, 511 U.S. 364, 365-66, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994); *Baum* [*v. Blue Moon Ventures, LLC*], 513 F.3d [181 at] 187 [5th Cir. 2008]; *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *In the Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). A filing restriction must, however, be narrowly tailored to the type of abuse, *see Miller* [*v. Donald*], 541 F.3d [1091]at 1096-1100 [11th Cir; 2008]; *Andrews*, 483 F.3d at 1077; *Support Sys. Int'l*, 45 F.3d at 186, and must not bar the courthouse door absolutely, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Davis*, 878 F.2d at 212; *Procup*, 792 F.2d at 1071. Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007), cert. denied, 555 U.S. 1031, 129 S.Ct. 594, 172 L.Ed.2d 455 (2008) (upholding order that prevented plaintiff from filing complaints under the ADA without prior approval from district court); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1299 (11th Cir. 2002) (approving district court's order that enjoined plaintiff from filing suits against a particular defendant without first obtaining leave from court); *Davis*, 878 F.2d at 212-13 (upholding order restricting plaintiff from filing any suit without permission from district court); *see also Support Sys. Int'l*, 45 F.3d at 186 (noting

that "perpetual orders are generally a mistake" and enjoining plaintiff, with some exceptions, from filing papers until he paid sanctions).

*Chapman v. Exec. Comm. of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502-03 (7th Cir. 2009).

Due to Phillips' track record of filing frivolous cases, pleadings and motions in this Court, and pursuant to this Court's authority as set forth in the cases cited above, the Court imposes the above-enumerated sanctions against him.

## CONCLUSION

For the reasons explained above, the Motion to Dismiss filed by Defendant Redkey Town Board (ECF 11) is GRANTED and this case is DISMISSED WITH PREJUDICE. The Court hereby SANCTIONS Plaintiff James L. Phillips as set forth above. **The Clerk of the Court is instructed to distribute a copy of this Opinion and Order to all the Judges and Magistrate Judges in this District.**

Date: October 22, 2019.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana